[Crim. No. 2070.   Second Appellate District, Division One.—July 1, 1931.]

THE PEOPLE, Respondent, v. HARRY HICKS, Appellant.

Joel Terrell for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

HOUSER, J.—From a judgment of conviction of the crime of manslaughter, and from an order by which his motion for a new trial was denied, appellant has appealed to this court.

The action was tried before the court without a jury, and the only specifications of error presented by appellant are that "the court erred in applying the law to the facts" and that "the verdict of the court is contrary to and against the evidence produced at the trial, and the law."

From the briefs of respective counsel it appears that the point at issue is whether the evidence adduced at the trial of the action was sufficient to support the judgment.

■ It is argued by appellant that because in rendering judgment the judge of the trial court made the statement in substance that if the case should stand entirely upon the testimony given by defendant "an actual case of manslaughter was shown",—in determining whether the judgment should be reversed no consideration should be given by this court to the other evidence in the case. But manifestly such is not the law. ■ The authorities are numerous to the effect that, notwithstanding the fact that in rendering judgment an erroneous or an insufficient reason therefor may have been assigned by the trial court, if on review it appear that upon any theory the judgment rendered was in accordance with the law as applied to the facts in the case, it will be sustained. (2 Cal. Jur. 809; 24 Cal. Jur. 924, and authorities respectively there cited.)

■ Although in some particulars contradicted by testimony given by defendant, evidence was presented on the trial of the instant action which in substance showed that immediately prior to the commission of the offense "this man that killed (Washington) came out and run down here onto the ground, and Mr. Hicks (defendant) came out on the porch there and they were talking, but I don't know what they said. Mr. Hicks went back into this open door and left the door open and this man that was killed went up onto the step to the porch and Mr. Hicks came back and struck him three blows and I saw the man fall and that's all I know." No blows were exchanged between defendant and Washington when they first came out of the house and walked down to the side of the steps; defendant talked as

though he were angry when he went back into the house. Washington walked up on to the porch. What then occurred is illustrated by the following testimony:

"Q. Did he (Washington) put his hand on the door? A. I don't think so. Q. As far as you know, he was standing on the steps? A. Yes. Q. Did you hear any words then? A. No. Q. Then you saw Mr. Hicks come out? A. I did. Q. Then did you see any blows exchanged? A. I seen him strike him three times. . . . Q. Could you hear the blows? A. Yes, I heard the blows. Q. As well as see them? A. I saw them and heard them. Q. Was this man struck down? A. He fell; that's all I know. Q. Do you know whether or not he fell at the first blow or was it after the three blows? A. I couldn't tell you nothing about it. Q. When (then) what did you see Mr. Hicks do? A. He went back in the house and closed the door."

Furthermore, testimony was given by witnesses to the effect that immediately after the occurrence which resulted in the death of Washington, defendant stated that "he threw everything on him that he could get; . . . and he had told him to get out of the house and he didn't go and he jumped on him". In addition thereto the testimony given by defendant was much weakened, if not altogether discredited, by reason of the fact that when questioned by officers defendant told them that he "didn't know anything about how Washington was killed"; that he did not kill him; that he did not hit him. It was not until defendant took the witness-stand in his own behalf that he made a statement to the effect that Washington had tried to hit him with a beer bottle and that then in self-defense defendant had hit Washington with a pick handle.

Considering the application herein of the rule that the trial court is the judge of the credibility of the testimony given by the several witnesses, it becomes apparent that, notwithstanding the discrepancies, if any, which appeared in the testimony given by the several witnesses called by the prosecution, in the aggregate it was sufficient to justify the trial court in reaching the conclusion that defendant was guilty of the commission of the crime of manslaughter.

The judgment and the order are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1931, and a petition by appellant to have the cause heard in the Supreme Court after judgment in the District Court of Appeal, was denied by the Supreme Court on July 30, 1931.